NATURAL RESOURCES DEFENSE COUNCIL, INC., and the Sierra Club, Petitioners,

v.

UNITED STATES NUCLEAR REGULATORY COMMISSION and the United States of America, Respondents,

Project Management Corporation, Tennessee Valley Authority, Intervenors.

No. 82–1962.

United States Court of Appeals, District of Columbia Circuit.

Argued Nov. 24, 1982.

Decided Dec. 7, 1982.

Eldon V.C. Greenberg, Washington, D.C., with whom S. Jacob Scherr and Barbara A. Finamore, Washington, D.C., were on the brief, for petitioners.

Sheldon L. Trubatch, Acting Asst. Gen. Counsel, U.S. Nuclear Regulatory Com'n, Washington, D.C., with whom E. Leo Slaggie, Acting Sol. U.S. Nuclear Regulatory Com'n, Washington, D.C., was on the brief, for respondent, U.S. Nuclear Regulatory Com'n.

R. Tenney Johnson, Gen. Counsel, Joseph DiStefano, Asst. Gen. Counsel, Dept. of Energy, Raymond N. Zagone and Jacques B. Gelin, Attys., Dept. of Justice, Leon Silverstrom, Asst. Gen. Counsel, Dept. of Energy, Washington, D.C., were on the brief, for respondent, U.S. Edward J. Shawaker, Atty., Dept. of Justice, Washington, D.C., also entered an appearance for respondent, U.S.

George L. Edgar, Washington, D.C., with whom Thomas A. Schmutz, Frank K. Peterson and Gregg A. Day, Washington, D.C., were on the brief, for intervenor, Project Management Corp.

James E. Fox, Assoc. Gen. Counsel, with whom Herbert S. Sanger, Jr., Gen. Counsel, Lewis E. Wallace, Deputy Gen. Counsel, Thomas C. Doolan, Knoxville, Tenn., were on the brief for intervenor, Tennessee Valley Authority.

Robert L. Baum, Eugene R. Fidell and Marilyn T. Shaw, Washington, D.C., were on the brief, for amicus curiae, urging affirmance.

Before MacKINNON, MIKVA and EDWARDS, Circuit Judges.

Opinion for the court PER CURIAM.

PER CURIAM:

On December 2, 1982, a *per curiam* opinion was filed in the instant case, reversing and remanding the record to the Nuclear Regulatory Commission ("NRC" or "Commission") "to hold a prompt adjudicatory hearing strictly limited to the issues presented by the 10 C.F.R. § 50.12 exemption request for the Clinch River Breeder Reactor Plant." Following the issuance of that opinion the panel has, *sua sponte,* reconsidered the matter and decided to withdraw the Opinion and Order of December 2, 1982, and to issue this modified opinion.

Petitioners seek review of an order of the United States Nuclear Regulatory Commission which permitted the United States Department of Energy ("DOE") and Intervenors to commence site preparation activities for the Clinch River Breeder Reactor ("Clinch River") prior to the issuance of a construction permit. The order was issued pursuant to 10 C.F.R. § 50.12 (1982),[1] which provides that the Commission may, upon consideration of certain factors, grant *exemptions* from its regulations. Following an informal proceeding at which it received written and oral submissions from interested parties concerning a section 50.12 exemption request for Clinch River submitted by DOE,[2] the Commission authorized site preparation activities for Clinch River, concluding that each of the factors enumerated in section 50.12 favored permitting those activities prior to the issuance of a construction permit. *In re United States Department of Energy* (Clinch River Breeder Reactor Plant), CLI–82–23, slip op. at 31–32 (Aug. 17, 1982).

Petitioners contend that, in order to authorize the commencement of site preparation activities, the Commission was required either (i) to adhere to the procedures incorporated in section 50.10, the regulation ordinarily invoked in these circumstances, or (ii) to abide by its own prior interpretation of the limited circumstances under which section 50.12 is available. We agree.

Prior to the enactment of the National Environmental Policy Act, 42 U.S.C. § 4331 *et seq.* (1976 & Supp. IV 1980) (NEPA), the Commission consistently asserted that it had no authority under the Atomic Energy

1. 10 C.F.R. § 50.12 (1982) provides:

(a) The Commission may, upon application by any interested person or upon its own initiative, grant such exemptions from the requirements of the regulations in this part as it determines are authorized by law and will not endanger life or property or the common defense and security and are otherwise in the public interest.

(b) Any person may request an exemption permitting the conduct of activities prior to the issuance of a construction permit prohibited by § 50.10. The Commission may grant such an exemption upon considering and balancing the following factors:

(1) Whether conduct of the proposed activities will give rise to a significant adverse impact on the environment and the nature and extent of such impact, if any;

(2) Whether redress of any adverse environment [sic] impact from conduct of the proposed activities can reasonably be effected should such redress be necessary;

(3) Whether conduct of the proposed activities would foreclose subsequent adoption of alternatives; and

(4) The effect of delay in conducting such activities on the public interest, including the power needs to be used by the proposed facility, the availability of alternative sources, if any, to meet those needs on a timely basis and delay costs to the applicant and to consumers.

Issuance of such exemption shall not be deemed to constitute a commitment to issue a construction permit. During the period of any exemption granted pursuant to this paragraph (b), any activities conducted shall be carried out in such a manner as will minimize or reduce their environmental impact.

2. Letter from W. Kenneth Davis, Acting Secretary of Energy to the Nuclear Regulatory Commission (July 1, 1982). DOE submitted the section 50.12 exemption request for Clinch River "for itself and on behalf of Project Management Corporation and the Tennessee Valley Authority." *Id.*

Act to consider non-safety related environmental issues associated with the licensing of nuclear power facilities. *Calvert Cliffs' Coordinating Committee v. United States Atomic Energy Commission,* 146 U.S.App. D.C. 33, 36, 449 F.2d 1109, 1112 (1971). At that time, for example, Commission authorization to commence site preparation activities was not required. *In re Kansas Gas & Electric Co.* (Wolf Creek Nuclear Generating Station, Unit No. 1), CLI–77–1, 5 N.R.C. 1, 6 (1977). NEPA expanded the Commission's mandate under the Atomic Energy Act to require it to consider the environmental consequences of actions taken pursuant to the Act. *Calvert Cliffs' Coordinating Committee v. United States Atomic Energy Commission, supra,* 146 U.S.App.D.C. at 36–37, 449 F.2d at 1112–13.

Accordingly, the Commission promulgated regulations prohibiting site preparation activities without Commission authorization. 10 C.F.R. §§ 50.10(c),[3] 50.10(e) (1982). *See In re Kansas Gas & Electric Co., supra,* 5 N.R.C. at 6. The Commission was aware that the greatest environmental impact of licensing actions often was associated with the site preparation activities which necessarily accompany the construction of a nuclear power facility. *Id.* at 7 n. 3. The Commission recognized that in order to comply with NEPA's mandate to consider environmental issues it was required to consider site preparation activities in its licensing proceedings and determined to do so in the context of adjudicatory hearings.

Section 50.12 provides a mechanism for obtaining an exemption from the procedures incorporated in section 50.10, but one

that may be invoked only in extraordinary circumstances.[4] The Commission has made clear that section 50.12 is available "only in the presence of exigent circumstances, such as emergency situations in which time is of the essence and relief from the Licensing Board is impossible or highly unlikely." *Washington Public Power Supply System,* 5 N.R.C. 719, 723 (1977).[5] In this case, despite the fact that section 50.10(e) may have been appropriate and available, the Commission proceeded under section 50.12 without identifying the "exigent circumstances" that warranted such extraordinary relief. Fair notice to affected parties requires that the Commission not alter suddenly and *sub silentio* settled interpretations of its own regulations. *See Greater Boston Television Corp. v. FCC,* 444 F.2d 841, 852 (D.C.Cir. 1970). Accordingly, the record is remanded to the Commission so that it may either proceed under section 50.10 or explain why it is appropriate in this case to invoke section 50.12.

## ORDER

For the reasons set forth above, it is hereby

ORDERED, that the Opinion and Order entered on December 2, 1982, are hereby withdrawn; and it is further

ORDERED, that the case is retained by the existing panel and the record is remanded to the Commission either (1) to reconsider the availability of section 50.12 under the Commission's own interpretation of that provision or (2) to proceed with its adjudicatory hearing pursuant to section 50.10 to

---

**3.** 10 C.F.R. § 50.12(c) (1982) provides:

Notwithstanding the provisions of paragraph (b) of this section, and subject to paragraphs (d) and (e) of this section, no person shall effect commencement of construction of a production or utilization facility subject to the provisions of § 51.5(a) of this chapter on a site on which the facility is to be operated until a construction permit has been issued. As used in this paragraph, the term "commencement of construction" means any clearing of land, excavation or other substantial action that would adversely affect the environment of a site . . . .

**4.** The Commission does not contend, and we do not here mean to suggest, that the regulation embodied in section 50.12 may be invoked to avoid the *statutory* hearing requirements explicitly set forth in section 189(a) of the Atomic Energy Act, 42 U.S.C. § 2239(a) (1976).

**5.** *Cf.* 39 Fed.Reg. 14506, 14507 (1974) (describing the Commission's "policy regarding granting of exemptions from § 50.10(c) pursuant to 50.12(a)" as one of "granting such exemptions sparingly and only in cases of undue hardship" and asserting that the Commission "will continue [that] policy").

determine if site preparation activities may continue; and it is further

ORDERED, that the Commission file the record, as supplemented by the Commission's response to the foregoing instructions, on or before January 7, 1983; and it is further

ORDERED, that site preparation activities for the Clinch River Breeder Reactor may continue as authorized by the above referenced decision of the Commission subject to the further order of this Court or of the Commission.

*Judgment accordingly.*